**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MICHIGAN**

**MHV PARTNERS LLC,**                          Case No: 1:24-cv-00971-PLM-PJG

      Plaintiff,                                Hon. Paul L. Maloney

v.

**PO 55 LLC**, **THOMAS R. LIRAVONGSA,**
and **DAVID KOCH,**

      Defendants.

_____

<u>**BRIEF IN SUPPORT OF**</u>
<u>**DEFENDANTS PO 55 LLC AND THOMAS R. LIRAVONGSA'S MOTION**</u>
<u>**TO DISMISS PLAINTIFF'S AMENDED COMPLAINT PURSUANT TO**</u>
<u>**FED. R. CIV. P. 12(b)(6)**</u>

<u>**\*ORAL ARGUMENT REQUESTED\***</u>

# TABLE OF CONTENTS

**Page**

TABLE OF CONTENTS.................................................................................... i

INDEX OF AUTHORITIES ........................................................................... ii

TABLE OF EXHIBITS ................................................................................... iv

INTRODUCTION ............................................................................................ 1

FACTUAL BACKGROUND ........................................................................... 2

    A.    Plaintiff charges criminally usurious interest. ................................. 2

    B.    Plaintiff falsely alleges that it only charged interest of 10% per annum... 4

    C.    Plaintiff asserts an "Open Account" claim, falsely claiming that it charged 10% annual interest. ................................... 6

LEGAL STANDARD........................................................................................ 6

ARGUMENT ................................................................................................... 7

    I.    Plaintiff's complaint should be dismissed in its entirety for violation of Michigan law. .......................................................... 7

    A.    Plaintiff knowingly charged criminally usurious interest. ......................... 7

    B.    The wrongful conduct doctrine requires dismissal of Plaintiff's claims..... 9

    C.    The wrongful conduct doctrine bars Plaintiff's claims even where a borrower is equally responsible for entering into the loan agreement. ... 10

    II.    Plaintiff fails plead a viable Open Account claim against in Counts IV and V. ....................................................... 12

    A.    There cannot be an open account when the parties have a contract governing the repayment of money............................... 12

    B.    Plaintiff failed to plead that there was an open account between the parties. ......................................................... 14

CONCLUSION................................................................................................ 16

CERTIFICATE OF COMPLIANCE............................................................. 17

## <u>INDEX OF AUTHORITIES</u>

<div align="right"><u>**Page(s)**</u></div>

<u>**Cases**</u>

*A. Krolik & Co. v. Ossowski,*
 180 N.W. 499 (Mich. 1920) ................................................................................. 13, 14

*Ashcroft v Iqbal,*
 129 S.Ct. 1937 (2009) ................................................................................................. 6

*Bell Atl. Corp. v. Twombly,*
 127 S. Ct. 1955 (2007) ............................................................................................ 6, 8

*Central Builders Supplies Co. v. Sentry Hardware Corp.,*
 4:91-CV-90, U.S. Dist. LEXIS 11568 ...................................................................... 14

*Fisher Sand & Gravel Co. v. Neal A Newbie, Inc.,*
 837 N.W.2d 244 (Mich. 2013) .............................................................................. 14, 15

*FirstMerit Bank, N.A. v. Taylor,*
 1:14-CV-370, 2015 U.S. Dist. LEXIS 38271 ........................................................... 12

*Goodsole v. Jeffery,*
 168 N.W. 461 (Mich. 1918) ...................................................................................... 13

*Harden v. Autovest, L.L.C.,*
 1:15-cv-34, U.S. Dist. LEXIS 98584 ........................................................................ 15

*Jaenicke v. Davidson,*
 287 N.W. 472 (Mich. 1939) ........................................................................................ 9

*Liftforward, Inc. v. Pizza,*
 2022 Mich. Cir. LEXIS 200 ........................................................................................ 11

*Mich. Mobile Homeowners Ass'n v. Bank of the Commonwealth,*
 223 N.W.2d 725 (Mich. App. 1974) ........................................................................... 9

*Olsen v. Porter,*
 539 N.W.2d 523 (Mich. Ct. App. 1995) ...................................................................... 8

*Orzel v. Scott Drug Co.,*
 537 N.W.2d 208 (Mich. 1995) ..................................................................................... 9

*Osinski v. Yowell,*
 354 N.W.2d 318 (Mich. Ct. App. 1984) ...................................................................... 8

*S. Side Quarry, LLC v. Louisville & Jefferson Cnty. Metro. Sewer Dist.,*
 28 F4th 684 (6th Cir. 2022) ......................................................................................... 5

*Scalici v. Bank One,*
 No. 254632, No. 254633, No. 254634, 2005 Mich. App. LEXIS 2262 ............ 6, 9, 11

*Seyburn, Kahn, Ginn, Bess, Deitch & Serlin, P.C. v. Bakshi,*
    771 N.W.2d 411 (Mich. 2009) ............................................................. 13, 14

*Soaring Pine Capital Real Estate & Debt Fund II, LLC v. Park St. Group Realty*
    *Servs.*, LLC,
    999 N.W.2d 8 (Mich. 2023) ........................................................ 7, 9, 10, 12

*State Treasurer v. Johnson,*
    No. 210280, 1999 Mich. App. LEXIS 2593 (Ct. App. Oct. 29, 1999) ...................... 14

*Super Food Servs. v. Saranac Family Mkt. Inc.,`*
    No. 5:06-CV-34, 2007 U.S. Dist. LEXIS 75777 ...................................... *15*

*Thomasma v. Carpenter,*
    141 N.W. 559 (Mich. 1913) .................................................................. 13

*UHG Boca, LLC v. Med. Mgmt. Partners, LLC*, No. 361539,
    No. 361539, 2024 Mich. App. LEXIS 447 ................................................ 10

*Union Guardian Trust Co. v. Crawford,*
    258 N.W. 248 (Mich. 1935) ............................................................ 10, 11

*Varela v. Spanski,*
    941 N.W.2d 60 (Mich. Ct. App. 2019) .................................................... 10

*Wellman v. Bank One,*
    No. 253996, 2005 Mich. App. LEXIS 2238 ......................................... 8, 9, 11

## **Statutes**

MCL 438.41 .......................................................................... 1, 7, 8, 9

MCL 438.42 ............................................................................. 1, 7, 8

MCL 600.2145 .............................................................................. 12

## **Rules**

Fed R. Civ. P. 12(b)(6) ..................................................................... 5, 6

## **Other Authorities**

1 Am Jur2d, Actions, § 46, p 753 .......................................................... 11

1A CJS, Actions, § 29, p. 388 ............................................................. 11

## <u>TABLE OF EXHIBITS</u>

| <u>Exhibit</u> | <u>Description</u> |
|---|---|
| Exhibit 1 | First Note |
| Exhibit 2 | Second Note |
| Exhibit 3 | Declaration of Thomas R. Liravongsa |
| Exhibit 4 | *Scalici v. Bank One,* No. 254632, No. 254633, No. 254634, 2005 Mich. App. LEXIS 2262 |
| Exhibit 5 | *Wellman v. Bank One*, No. 253996, 2005 Mich. App. LEXIS 2238 |
| Exhibit 6 | *Liftforward, Inc. v. Pizza*, 2022 Mich. Cir. LEXIS 200 |
| Exhibit 7 | *FirstMerit Bank, N.A. v. Taylor*, No. 1:14-CV-370, 2015 U.S. Dist. LEXIS 38271 |
| Exhibit 8 | *State Treasurer v. Johnson*, No. 210280, 1999 Mich. App. LEXIS 2593 |
| Exhibit 9 | *Central Builders Supplies Co. v. Sentry Hardware Corp.*, File No. 4:91:CV:90, 1992 U.S. Dist. LEXIS 11568 |
| Exhibit 10 | *Super Food Servs. v. Saranac Family Mkt. Inc.*, No. 5:06-CV-34, 2007 U.S. Dist. LEXIS 75777 |
| Exhibit 11 | *Harden v. Autovest, L.L.C.*, No. 1:15-cv-34, 2015 U.S. Dist. LEXIS 98584 |
| Exhibit 12 | *UHG Boca, LLC v. Med. Mgmt. Partners, LLC*, No. 361539, 2024 Mich. App. LEXIS 447 |

## <u>INTRODUCTION</u>

The Michigan legislature has criminalized the knowing charging of interest exceeding 25% per annum [MCL 438.41], as well as the knowing possession of loan records reflecting a criminally usurious transaction [MCL 438.42]. Our state penalizes lenders who violate these statutes by prohibiting the recovery of both principal and interest for loans to limited liability companies exceeding the criminal usury threshold.

Here, Plaintiff is attempting to enforce two criminally usurious loans against Defendant PO 55 LLC, one of which Plaintiff alleges was guaranteed by Defendant Liravongsa. Plaintiff's loan documents charge between 140% and 254% annual interest – **an average of eight times the legal limit of 25% per annum under Michigan's criminal usury statute**. The promissory notes attached to Plaintiff's amended complaint are crystal clear and unambiguously charge both Minimum Interest and Regular Interest far in excess of Michigan's criminal usury statute.

Plaintiff's excuse is to now claim that it was "under the mistaken belief that the Notes were compounding at 10% annually."  (ECF No. 9, PageID.50, ¶67). But Michigan law places the burden on lenders to ensure that their loans are not usurious and charges Plaintiff with knowledge of the unambiguous terms of its promissory notes. Thus, Plaintiff's own amended complaint establishes clear violations of Michigan's criminal usury statute, which operate as a bar to all of Plaintiff's claims.

Our courts have ruled, time and again, that their doors are closed to lenders who attempt to enforce criminally usurious loans. Accordingly, while the prohibition

against any recovery by Plaintiff is a drastic result, it is also the required one. As described in detail below, Plaintiff's amended complaint should be dismissed for failing to state a claim upon which relief can be granted.

<div align="center"><u>FACTUAL BACKGROUND</u></div>

**A.    Plaintiff charges criminally usurious interest.**

Attached to Plaintiff's amended complaint are two promissory notes. Each note charges *both* Minimum Interest of between 20% and 70%, *and* Regular Interest of 10% per month (120% per annum).

Plaintiff's first note, dated January 5, 2023, charges (i) Minimum Interest of 20% of the principal amount; *and* (ii) Regular Interest of 10% per month, **for a combined total of 140% annual interest** during the maturity period. ("First Note," **Exhibit 1**). The First Note charging both Minimum Interest and Regular Interest in excess of the criminal usury threshold is unmistakable, as each interest component is offset in a separate paragraph with bold, underlined headings:

> <u>Minimum Interest:</u> Notwithstanding anything to the contrary herein, irrespective of when the Principal Amount is paid in full, and the accrual of Regular Interest as described below, the Borrower shall owe and pay Creditor Minimum Interest in the amount of 20.00% of the original Principal Amount, due and payable at Maturity or Prepayment (as defined below).
>
> <u>Regular Interest:</u> Commencing as the original Principal Amount is advanced as of the Effective Date and continuing until the earlier to occur of: (a) payment in full of all outstanding Principal Amount; or (b) twelve (12) calendar months from the Effective Date, Interest shall accrue on the unpaid Principal Amount outstanding at a rate of 10.00% per calendar month (accruing ratably per day of the applicable calendar month).

(*Id.*).

Plaintiff's second note, dated March 8, 2023, charges (i) Minimum Interest in the amount of 70% of the original principal amount if paid in three months or less;

<div align="center">2</div>

*and* (ii) if paid after three months, Regular Interest of 10% per month, **for a combined total of approximately 254% annual interest** during the maturity period. ("Second Note," **Exhibit 2**). The Second Note's charging of usurious interest is likewise unmistakable, as it expressly sets forth the components of total interest as "70% of the original Principal Amount" and "10% per month":

> Minimum Interest: Notwithstanding anything to the contrary herein, irrespective of when the Principal Amount is paid in full, and the accrual of Regular Interest as described below, the Borrower shall owe and pay Creditor Minimum Interest in the amount of 70.00% of the original Principal Amount if paid 3 months or less, after month 3, principle and interest will compound at 10% per month.

(*Id.*)

Consistent with Plaintiff's charging of this usurious interest on the First and Second Notes, in September and October 2023, respectively, Plaintiff sent Defendant interest calculations reflecting Plaintiff's demand for 120% and 254% annual interest on those notes.

On or about October 11, 2023, an owner and agent of Plaintiff, Ramesh, calculated the amount of interest it was charging on the First Note and provided PO 55 LLC the interest calculation below, which reflects that Plaintiff knowingly charged "10% monthly" interest (120% per annum) for its First Note:

| ~Ramesh | | +1 (860) |
| --- | --- | --- |
| Note 1 @ 10% monthly | | |
| Date | Amount | |
| 1/5/2023 | $500,000.00 | Principal |
| 2/5/2023 | $550,000.00 | |
| 3/5/2023 | $600,000.00 | |
| 4/5/2023 | $650,000.00 | |
| 5/5/2023 | $700,000.00 | |
| 6/5/2023 | $750,000.00 | |
| 7/5/2023 | $800,000.00 | |
| 8/5/2023 | $850,000.00 | |
| 9/5/2023 | $900,000.00 | |
| 10/5/2023 | $950,000.00 | |
| 10/28/2023 | $987,096.00 | |
| Note1 calculation | | 9:57 AM |

(Liravongsa Affidavit, **Exhibit 3**). By Plaintiff's own calculation, within just ten months, the amount had grown from $500,000 to $987,096.00.

On or about September 30, 2023, Plaintiff's owner and agent, Ramesh, also calculated the amount of interest it was charging on the Second Note and provided PO 55 LLC the interest calculation below, which reflects Plaintiff charging 70% interest for the first three months (280% per annum), and then 10% monthly interest thereafter, for a total of roughly 254% interest per annum on its Second Note:[1]



(Liravongsa Affidavit, **Exhibit 3**). By Plaintiff's own calculation, within just ten months, the amount had skyrocketed from $1,000,000 to $2,488,970.

The plain terms of the First and Second Note, coupled with Plaintiff's own interest calculations, confirm that Plaintiff intended to charge, and did in fact charge, criminally usurious interest.

## B.   Plaintiff falsely alleges that it only charged interest of 10% per annum.

Plaintiff filed this lawsuit on September 17, 2024.  In its original Complaint, Plaintiff falsely alleged that it only charged Defendant PO 55 LLC interest in the

---

[1]       $2,488,970 - $1,000,000 = $1,488,970.  A 148.8970% rate of return over 214 days (March 28 – October 28) equals a 253.96% rate of return (simple interest) over 365 days.

amount of "ten percent annually (10% APR)". (ECF No. 1, PageID.5, ¶¶29-30). Plaintiff similarly submitted an "Affidavit of Open Account," falsely certifying that it charged less than ten percent annual interest. (ECF No. 1-4, PageID.25-27). Attached to Plaintiff's Affidavit is a purported invoice – dated from 2018, five years prior to the execution of the First and Second Notes – which likewise falsely reflects interest charged in the amount of less than 10% per annum. (ECF No. 1-4, PageID.28).

On October 16, 2024, Plaintiff filed an amended complaint in which it now admits charging "10% monthly" interest. (ECF No. 9, PageID.50, ¶ 67).  Yet, Plaintiff still attempts to minimize the amount of interest it actually charged by failing to reference the *additional* Minimum Interest (20% to 70% annual interest) it charged in addition to 10% monthly interest. Plaintiff chose not to attach to its amended complaint the interest calculations that it actually sent Defendant, which confirm that Plaintiff calculated, charged, and demanded repayment of 120% annual interest on the First Note and approximately 254% annual interest on the Second Note.[2] Plaintiff's false Affidavit and Invoice are still attached as an Exhibit to its amended complaint.

_____

[2]    This Court can consider exhibits attached to a defendant's motion to dismiss under Rule 12(b)(6) without converting the motion into one for summary judgment if the exhibit is referred to in the complaint and "integral" to the plaintiff's claims. *S. Side Quarry, LLC v. Louisville & Jefferson Cnty. Metro. Sewer Dist.*, 28 F4th 684, 694 n3 (6th Cir. 2022).  Here, Plaintiff's invoice calculations are referenced in and integral to its amended complaint. Regardless, the Court can conclude from the plain language of the First and Second Note that Plaintiff knowingly charged PO 55 LLC exorbitant interest in violation of Michigan's criminal usury statute.

**C.    Plaintiff asserts an "Open Account" claim, falsely claiming that it charged 10% annual interest.**

Plaintiff further alleges in Counts IV and V of its amended complaint that it has an open account with Defendants and is charging 10% interest on this alleged account. (ECF No. 9, PageID.53-55); (ECF No. 9-7, PageID.108-111).  Plaintiff's alleged open account with Defendants is entirely premised on the promissory notes allegedly executed by Defendants PO 55 LLC and Mr. Liravongsa. (ECF No. 9, PageID.53,55, ¶¶ 86, 97). Plaintiff does not claim it had a fluctuating account with Plaintiff that was left open for ongoing debit and credit entries (*Id.*).

## LEGAL STANDARD

Defendants move to dismiss Plaintiff' complaint pursuant to Fed R. Civ. P. 12(b)(6). Under a Rule 12 motion, the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Ashcroft v Iqbal*, 129 S.Ct. 1937 (2009). Rather, the complaint must contain factual allegations that are "plausible on its face." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1961 (2007). Where "a complaint shows on its face that relief is barred by an affirmative defense, the trial court may dismiss the complaint for failing to state a claim on which relief can be granted." *Scalici v. Bank One*, No. 254632, No. 254633, No. 254634, 2005 Mich. App. LEXIS 2262, at *6 (Ct. App. Sep. 20, 2005) (affirming dismissal of plaintiff's attempt to enforce usurious agreement because plaintiff's claims "were based on losses proximately caused by plaintiff's own criminal conduct and, therefore, were subject to the wrongful conduct doctrine") (**Exhibit 4**).

6

# ARGUMENT

## I.   Plaintiff's complaint should be dismissed in its entirety for violation of Michigan law.

### A.    Plaintiff knowingly charged criminally usurious interest.

As set forth above, Michigan law prohibits a lender from knowingly charging a limited liability company interest exceeding 25% per annum, as well as from knowingly possessing such records.  MCL 438.41; MCL 438.42; *Soaring Pine Capital Real Estate & Debt Fund II, LLC v. Park St. Group Realty Servs.*, LLC, 999 N.W.2d 8, 23 (Mich. 2023) ("LLCs cannot agree to interest rates above the criminal usury rate –regardless of sophistication").

Here, it is beyond dispute that Plaintiff's First and Second Notes charge interest exceeding 25% per annum. Plaintiff admits as much in its amended complaint: "the terms of the Notes . . . provide for interest to accrue *at 10% monthly*." (ECF No. 9, PageID.50, ¶ 67) (emphasis added). In fact, Plaintiff continues to understate the amount of interest it charged by failing to reference the additional required Minimum Interest required under the First and Second Notes: 20% and 70%, respectively.  In total, the First and Second Notes charge between 140% and 254% interest, respectively. Plaintiff's First and Second Notes are thus facially usurious as a matter of law.

Plaintiff's claim that it didn't realize it was charging this amount of interest is both implausible and irrelevant. Plaintiff's claim is implausible because its self-serving allegations are expressly contradicted by the plain language of its First and Second Notes, as well as its own interest calculations set forth in the interest

7

calculations it sent Defendants. *Twombly*, 127 S. Ct. at 1974; (Liravongsa Affidavit, **Exhibit 3**).

Plaintiff's assertion of mistake is also irrelevant.   Where, as here, the underlying loan documents are facially usurious, the requirement of "knowledge" is established. *Osinski v. Yowell*, 354 N.W.2d 318, 321 (Mich. Ct. App. 1984) ("[the] question of intent is to be considered in determining whether or not a contract is usurious; but where, as in this case, the contract is unambiguous and its legal meaning clear, the parties must be deemed to have intended the result expressed by the contract") (internal citation omitted); accord, *Wellman v. Bank One*, No. 253996, 2005 Mich. App. LEXIS 2238, at *9 (Ct. App. Sep. 20, 2005), stating:

> When calculated, the simple interest rate for both loans amounts to over 100% per year. Consequently, plaintiff had to have known that he was charging more than 25% interest per year and, therefore, violated MCL 438.41. Furthermore, plaintiff attached the promissory notes to his first amended complaint, demonstrating that he knowingly possessed the written record of his usurious loans; therefore, plaintiff violated MCL 438.42 as well.

(**Exhibit 5**).[3]

Thus, under Michigan law, the plain language of Plaintiff's facially usurious First and Second Notes, coupled with Plaintiff's own interest calculations and its admission that the Notes actually reflect the interest charge (ECF No. 9, PageID.50, ¶ 67), confirm that Plaintiff knowingly charged interest in violation of MCL 438.41.

---

[3]    Nor do our courts even permit reformation of usurious contracts. *Olsen v. Porter*, 539 N.W.2d 523, 525 (Mich. Ct. App. 1995) (holding that it was "error for the trial court to reform the usurious contract on the basis of the parties' mutual mistake regarding the maximum legal interest rate").

**B.    The wrongful conduct doctrine requires dismissal of Plaintiff's claims.**

Contracts that violate Michigan law are void as against public policy. *Jaenicke v. Davidson*, 287 N.W. 472, 473 (Mich. 1939). Regardless of the cause of action stated, the subject matter of a void agreement will not be enforced at law or equity. *Id.*

This maxim, known as the *wrongful conduct doctrine*, bars a lender from recovering any amount from a borrower where the underlying lending agreement violates Michigan's criminal usury statutes. *Orzel v. Scott Drug Co.*, 537 N.W.2d 208, 212 (Mich. 1995); *Soaring Pine Capital Real Estate & Debt Fund II, LLC*, 999 N.W.2d at 17 (Mich. 2023) ("the current usury statutes punish lenders for usury and provide a remedy for borrowers beyond reversion to the maximum legal rate");  accord, *Mich. Mobile Homeowners Ass'n v. Bank of the Commonwealth*, 223 N.W.2d 725, 730 (Mich. App. 1974) (noting that Michigan's current usury statutes "penaliz[e] the lender who attempts to enforce a usurious contract").

Here, Plaintiff's First and Second Notes unambiguously charge interest in violation of Michigan's criminal usury statutes. Plaintiff's knowing possession of criminally usurious promissory notes in violation of MCL 438.41 likewise triggers the *wrongful conduct doctrine. Wellman*, 2005 Mich. App. LEXIS 2238 at * 9. Accordingly, the *wrongful conduct doctrine* bars Plaintiff's recovery and its claims should be dismissed in their entirety. *Scalici*, 2005 Mich. App at *6-7 ("The trial court properly determined plaintiffs' claims against defendants, as pleaded, were based on losses proximately caused by plaintiffs' own criminal conduct and, therefore, were subject to the wrongful conduct rule . . . Consequently, the trial court did not err when it

dismissed plaintiffs' claims for failing to state a claim on which relief can be granted").[4]

### C.    The wrongful conduct doctrine bars Plaintiff's claims even where a borrower is equally responsible for entering into the loan agreement.

Michigan's usury statutes "have always placed the burden on the lender to charge a lawful interest rate." *Soaring Pine Capital Real Estate & Debt Fund II, LLC,* 999 N.W.2d at 20. Accordingly, a lender has a "duty to ensure that [its] loans are not usurious." *Id.*

Conversely, "a borrower has no obligation – statutory or otherwise – to ensure the agreed-upon interest rate is not usurious." *Id.,* citing *Union Guardian Trust Co. v. Crawford*, 258 N.W. 248 (Mich. 1935) (holding that a borrower who provided the lender a note containing a usurious interest rate was not estopped from raising usury as a defense).

Because the law places the burden of compliance with the usury statutes squarely on the lender, the wrongful conduct doctrine's punitive remedies are

---

[4] This is true regardless of whether Plaintiff attempts to recover under a contract, a tort, or otherwise. *Varela v. Spanski*, 941 N.W.2d 60, 74 (Mich. Ct. App. 2019) ("plaintiff suggests that these other claims were not subject to the wrongful-conduct rule because a party may raise alternative and even inconsistent claims, which plaintiff asserts he has raised here. Even a cursory review of those claims, however, shows that they relate to the same illegal conduct on which plaintiff's contract actions were based … Application of the wrongful-conduct rule to all plaintiff's claims was proper"); accord, *UHG Boca, LLC v. Med. Mgmt. Partners, LLC*, No. 361539, 2024 Mich. App. LEXIS 447, at *8-9 (Ct. App. Jan. 18, 2024) ("Plaintiff also argues the arbitrator improperly dismissed the conversion and unjust enrichment claims. We disagree") ("Because plaintiff failed to show that defendants breached a duty separate and distinct from those imposed by the agreements, the arbitrator did not err when he dismissed those claims") (**Exhibit 12**).

available to a borrower *regardless of whether* the borrower was equally responsible for entering into the usurious transaction. *Scalici*, 2005 Mich. App. LEXIS 2262 at *6-7 ("This is true even where the defendant has participated equally in the illegal activity"); *Liftforward, Inc. v. Pizza*, 2022 Mich. Cir. LEXIS 200, *24-25, citing 1A CJS, Actions, § 29, p. 388; see also, 1 Am Jur2d, Actions, § 46, p 753, ("as between parties in pari delicto, that is equally in the wrong, the law will not lend itself to afford relief to one as against the other, but will leave them as it finds them") (**Exhibit 6**).

On the contrary, to be estopped from asserting a usury defense, the borrower's conduct must be "significantly more culpable than plaintiffs." *Scalici*, 2005 Mich. App. LEXIS 2262 at * 19; see also *Wellman*, 205 Mich. App. at *12 ("Accepting all of plaintiff's allegations as true, defendant's conduct was at most tortious, whereas plaintiff's conduct was clearly felonious. Under these circumstances we cannot conclude that defendant was more culpable than plaintiff").

Notably, the *wrongful conduct doctrine* bars a lender's recovery even where a borrower drafts the underlying loan documents. *Union Guardian Trust Co.*, 258 N.W. at 250. ("It would be going too far to hold that merely because its debtor prepared a promissory note evidencing a usurious loan or a mortgage under like circumstances he would thereby be barred from asserting the defense of usury").

Here, Plaintiff's amended complaint does not allege that Defendant engaged in criminal activity or any other behavior that is significantly more culpable than

Plaintiff.[5]  Plaintiff has alleged, at most, that Defendant participated in the underlying usurious transaction.  These allegations are insufficient to establish that Defendant was significantly more culpable than Plaintiff.  Accordingly, the wrongful conduct doctrine requires dismissal of Plaintiff's claims.

## II.    **Plaintiff fails plead a viable Open Account claim against in Counts IV and V.**

Counts IV and V of Plaintiff's Amended Complaint attempt to recover money on an "open account" under both the common law and MCL 600.2145. As an initial matter, this Court need not even consider Plaintiff's open account claim because its breach of contract claim fails for the reasons identified above. *FirstMerit Bank, N.A. v. Taylor*, No. 1:14-CV-370, 2015 U.S. Dist. LEXIS 38271, at *6 n.3 (W.D. Mich. Mar. 26, 2015) (not considering an open account claim after summary judgment was granted for the breach of contract claim) (**Exhibit 7**).

Nonetheless, Plaintiff has failed to state a valid open account claim because: 1) there cannot be an open account when the parties' dealings are governed by a contract for the payment of money; and 2) the parties never had an account with a fluctuating balance that was left open for ongoing debit and credit entries.

### A.    **There cannot be an open account when the parties have a contract governing the repayment of money.**

Counts IV and V of Plaintiff's Amended Complaint fail because there is a written contract between the parties governing the repayment of money. Dismissal

---

[5]    Our Supreme Court has confirmed that there is no authority or historical precedent for punishing a borrower for participating in a usurious transaction. *Soaring Pine Capital Real Estate & Debt Fund II, LLC*, 99 N.W.2d at n. 17.

of Counts IV and V is warranted because Plaintiff exclusively relies on the First Note and Second Note to support its open account theory.

The Michigan Supreme Court routinely recognizes that there cannot be an open account when the parties have a contract governing their dealings and the payment of money. *Thomasma v. Carpenter*, 141 N.W. 559, 561 (Mich. 1913) ("It is there said that the rule of law that, where an account is rendered and no objection taken, it is *prima facie* evidence of the correctness of such account, **has no application where the claim is the subject of a special contract**") (emphasis added); *A. Krolik & Co. v. Ossowski,* 180 N.W. 499, 501 (Mich. 1920) ("express contract defining the liabilities of the parties, whether evidenced by writings or not, are not as a general rule open accounts"); *Goodsole v. Jeffery*, 168 N.W. 461, 461 (Mich. 1918) ("I know of no decision of this court, and think there is none to be found in any jurisdiction, holding that where the dealings of the parties relate entirely to and are governed by a special contract for the payment of money, at agreed upon periods, an open mutual account is established by performance of the contract obligation, whether a book account of it is kept or not"); *Seyburn, Kahn, Ginn, Bess, Deitch & Serlin, P.C. v. Bakshi*, 771 N.W.2d 411, 417 (Mich. 2009) ("This Court has previously recognized that the existence of a contract rules out the existence of a mutual and open account where the dealings of the parties relate entirely to and are governed by a special contract for the payment of money") (internal citations and quotations omitted).

13

For its Open Account claims, Plaintiff relies exclusively on the First and Second Notes. However, Michigan law holds that a promissory note bars an open account claim. *State Treasurer v. Johnson*, No. 210280, 1999 Mich. App. LEXIS 2593, at *2 n.1 (Ct. App. Oct. 29, 1999) (holding that there is no open account "[w]here a liability has been reduced to a promissory note") (**Exhibit 8**).

Plaintiff alleges that its claims arise out of promissory notes that purportedly govern the terms of a loan repayment, thus barring any open account claim. Counts IV and V should be dismissed for failure to state a claim.

### B.    Plaintiff failed to plead that there was an open account between the parties.

As recognized by the Michigan Supreme Court, an open account is "one which consists of a *series of transactions and is continuous or current*, and not closed or stated." *Fisher Sand & Gravel Co. v. Neal A Newbie, Inc.*, 837 N.W.2d 244, 251 (Mich. 2013) (emphasis added); quoting *A. Krolik & Co.,* 180 N.W. at 501. An open account requires ongoing debit and credit entries with a fluctuating balance:

> An "open account" is traditionally defined as 1. an unpaid or unsettled account. 2. an account that is left open for ongoing debit and credit entries and that has a fluctuating balance until either party finds it convenient to settle and close, at which time there is a single liability.

*Fisher Sand & Gravel Co.*, 837 N.W.2d at 250 (cleaned up); quoting *Seyburn, Kahn, Ginn, Bess, Deitch & Serlin, P.C.*, 771 N.W.2d at 417; accord *Cent. Builders Supplies Co. v. Sentry Hardware Corp.*, File No. 4:91:CV:90, 1992 U.S. Dist. LEXIS 11568, at *6 (W.D. Mich. Apr. 28, 1992) ("An 'open account' is a type of account . . . upon which billings have been sent to the other party specifying the goods sold,

or services performed, and the amount due and owing therefor") (internal citations and quotations omitted) (**Exhibit 9**).

For example, a valid open account may exist when a grocery wholesaler regularly provides goods to a grocery store on an open account basis, *Super Food Servs. v. Saranac Family Mkt. Inc.*, No. 5:06-CV-34, 2007 U.S. Dist. LEXIS 75777, at *2 (W.D. Mich. Oct. 11, 2007) (**Exhibit 10**), or when a gravel company frequently provides concrete supplies to a defendant that makes sporadic payments on a recorded account, *Fisher Sand & Gravel Co.*, 837 N.W.2d at 248). However, this Court has previously dismissed an open account claim because there were no allegations of "a course of financial transactions." *Harden v. Autovest, L.L.C.*, No. 1:15-cv-34, 2015 U.S. Dist. LEXIS 98584, at *8 (W.D. Mich. July 29, 2015) (**Exhibit 11**).

Plaintiff has failed to allege that it has an open account with Defendants that was left open for ongoing debt and credit transactions. Instead, Plaintiff relies on two promissory notes to support its claim of an open account, both of which are separate and distinct one-time financial transactions. Plaintiff did not leave the account open to provide Defendants with additional money, such as a line of credit, nor do the promissory notes provide for any type of ongoing and fluctuating transactions.

Plaintiff's allegations simply amount to two separate loans between the parties, not an open and fluctuating account. Accordingly, Plaintiff failed to state a claim upon which relief can be granted, and Counts IV and V should be dismissed.

## <u>CONCLUSION</u>

The First and Second Notes are unambiguous and impute knowledge onto Plaintiff that it charged interest rates far in excess of Michigan's civil and criminal usury rates. Plaintiff cannot escape this fact through its artful pleading and an alleged failure to comprehend the documents it signed. Similarly, because Plaintiff bears the burden to ensure its loans are not usurious, Plaintiff cannot plead around Michigan's usury laws by alleging that Defendants' attorney drafted the at-issue promissory notes. As a matter of public policy and a straightforward application of Michigan's usury laws, Plaintiff's Amended Complaint must be dismissed in its entirety.

<div style="margin-left: 40%;">

Respectfully Submitted,

**BUTZEL LONG, PC**

</div>

Dated: November 1, 2024

<div style="margin-left: 40%;">

*Tyler. A. Burk*

**Lee T. Silver (P36905)**
**Michael L. Gutierrez (P79440)**
**Tyler A. Burk (P85077)**
***Attorneys for Defendants***
***PO 55 LLC and Thomas R. Liravongsa***
300 Ottawa Ave. NW, Suite 620
Grand Rapids, Michigan 49503
(616) 988-5600
silver@butzel.com
gutierrez@butzel.com
burkt@butzel.com

</div>

## <u>CERTIFICATE OF COMPLIANCE</u>

I hereby certify that this Motion and supporting Brief contains 3,996 words, including headings, footnotes, and this paragraph and signature, as computed by Microsoft Word version 2023.

Respectfully Submitted,

**BUTZEL LONG, PC**

Dated: November 1, 2024                     *Tyler. A. Burk*
                                            **Lee T. Silver (P36905)**
                                            **Michael L. Gutierrez (P79440)**
                                            **Tyler A. Burk (P85077)**
                                            ***Attorneys for Defendants***
                                            ***PO 55 LLC and Thomas R. Liravongsa***
                                            300 Ottawa Ave. NW, Suite 620
                                            Grand Rapids, Michigan 49503
                                            (616) 988-5600
                                            silver@butzel.com
                                            gutierrez@butzel.com
                                            burkt@butzel.com